**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4170**
_____

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

   v.

SAMUEL SAUCEDO ARZATE,

      Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00292-NCT-1)

_____

Submitted:  December 15, 2016   Decided:  December 19, 2016

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian Michael Aus, Durham, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Saucedo Arzate appeals from the judgment imposed after he pleaded guilty to conspiracy to distribute methamphetamine and received a 168-month sentence. Counsel filed an Anders v. California, 386 U.S. 738 (1967), brief stating that there are no meritorious issues, but questioning whether the court erred in converting cash seized into an equivalent quantity of methamphetamine in determining drug quantity at sentencing. Arzate was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. Finding no error, we affirm.

Arzate contends that the district court plainly erred when it adopted the presentence report and converted $85,200 in currency that was found next to methamphetamine in an outbuilding on his property into 2762.28 grams (2.76 kilograms) of methamphetamine for sentencing purposes. Because Arzate did not object to any aspect of the quantity calculation at sentencing, our review is limited to plain error. See United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

2

"[T]he government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013); see also United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010) (when assessing a challenge to the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo). Under this standard, we will reverse the district court's finding only if we are "left with the definite and firm conviction that a mistake has been committed." Crawford, 734 F.3d at 342 (internal quotation marks omitted).

When determining facts relevant to sentencing, such as approximated drug quantity, courts are allowed to "'consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" Crawford, 734 F.3d at 342 (quoting [U.S. Sentencing Guidelines Manual] § 6A1.3(a)). "Where there is no drug seizure . . . the sentencing judge shall approximate the quantity of the controlled substance. . . . The judge may consider, for example, the price generally obtained for the

controlled substance . . . ." USSG § 2D1.1 cmt. n.5. We have acknowledged that sentencing courts may convert money considered to be the proceeds of drug trafficking into a drug quantity for sentencing purposes. See United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004) (cash found alongside drugs was converted into drug quantity based on the estimated cost of an Ecstasy pill); United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991) (drug-related money may be included in relevant conduct).

The evidence showed that Arzate stored drugs and drug-related paraphernalia at the property officers searched. The cash was seized from an outbuilding and found next to 3392 grams of methamphetamine. Also seized from the property was a metal cooking pot containing a mixture of liquid methamphetamine that had been crystallizing, a cutting agent for methamphetamine, a plastic bag of rocks that tested positive for a cutting agent, an additional cutting agent for cocaine, and large and small digital scales. Thus, it is reasonable to assume that the cash located in the outbuilding near a package of 3.3 kilograms of methamphetamine was there as a result of drug trafficking. Based on the record, we conclude that the district court's finding that the $85,200 in seized currency converted into 2.76 kilograms of methamphetamine was not plain error.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Arzate's conviction and sentence. This court requires that counsel inform Arzate, in writing, of the right to petition the Supreme Court of the United States for further review. If Arzate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arzate.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>